JOHN W. THOMPSON, Respondent, v. JOHN C. MAR-
TIN, Appellant.

Kansas City Court of Appeals, December 2, 1907.

1. **TRIAL PRACTICE: Verdict: Jury's Sympathy: Evidence.**    A review of the evidence relating to the negligence of a physician in prescribing for the eyes of plaintiff is held to support the verdict of the jury for fifteen hundred dollars, and the defendant's contention that the verdict was the result of sympathy as shown by its smallness, is not countenanced.

2. **TRIAL AND APPELLATE PRACTICE: Verdict: Jury's Sympathy: Presumption.** Where there is no showing of improper motives on the part of the jury the court must impute to them honesty of purpose.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

AFFIRMED.

*Webster, Gilmer & Crowley* for appellant.

(1)   The verdict of the jury shows on its face that it was not based upon the law and the evidence. The trial court ought to have set it aside.

*Joseph S. Rust* for respondent.

(1)   The jury gave substantial damages, and therefore this is not as if the jury had given a nominal sum for plaintiff.   Dowd v. Air-Brake Co., 132 Mo. 579.   The case of Boggess v. Railway, 118 Mo. 328, is, we think, on all fours with the case at bar.

BROADDUS, P. J.—As the appellant's statement is not controverted by respondent and as it states the case sufficiently full for an understanding of point relied on for reversal, we will adopt it as a matter of convenience.

The appellant is a practicing physician of Kansas City, Missouri. The respondent, now about forty-three years of age, was, in 1903, working as a janitor at one of the public schools of Kansas City. In November of that year he was having trouble with his eyes. This trouble was granulated lids and an ulcerated condition of the eyes. He called in the appellant to treat him. The appellant prescribed a two per cent solution of corrosive sublimate to be used as a wash. The respondent contended that he used the medicine, and that it made him blind, and that his blindness had continued up to the time of the trial—more than two years after the medicine was used. The appellant contended that he gave the respondent oral instructions to put one-third of a dropper full of the medicine in half a tumbler of water and use it so diluted. This was denied by the respondent. The respondent brought his suit alleging that the carelessness, and negligence of appellant in prescribing a poisonous and dangerous medicine had resulted in the respondent being made permanently blind, and asked judgment for $25,000.

The respondent introduced the testimony of three witnesses—that of himself and of two physicians. Respondent testified that he was totally blind in one eye, and that with the other he could not recognize members of his own family, and could not see the members of the jury, nor see where the jury was located. One physician on behalf of respondent testified that the medicine prescribed, if used undiluted, would destroy the sight of the eyes; and that respondent was practically blind, and would never recover vision enough to follow any trade or occupation, or read a newspaper. The other physician on behalf of respondent testified that the medicine prescribed, if used undiluted, would destroy the sight of the eyes.

The appellant introduced the testimony of four physicians, who were experts in treating diseases of the

eyes. Each testified that in a case of ulcerated eyes it would be proper to use the medicine prescribed in undiluted form for a few times, and that no injurious effect would follow. The respondent had already testified that he used the medicine in its undiluted form only once in the right eye, and only twice in the left eye. The jury brought in a verdict for $1,500.

The point relied on by appellant is: "The verdict of the jury shows on its face that it was not based on the law and the evidence." The jury would have been justified in finding either for respondent or for appellant, as the evidence was conflicting. This the appellant has been compelled to admit, but he contends that if respondent was entitled to recover at all the verdict should have been for $25,000, the amount claimed. The argument is that the jury did not believe that "appellant was responsible for the unfortunate condition of respondent, but that they allowed their sympathies to lead them to try and aid him by way of a money judgment."

We cannot see the force of the argument, for the reason that if the sympathies of the jury were such as to induce them to return a verdict for respondent against their convictions of right in order to aid him by a money verdict, their sympathies would have lead them to return a larger one and one commensurate with the extent of respondent's injury. We can understand why a jury might allow their judgment to be influenced by sympathy to return a verdict against the evidence. But in this case the verdict for respondent is amply sustained by the evidence, and is such as might have been rendered by an impartial jury. The most rational conclusion deducible from the whole case is that the jury believed that appellant's act in giving respondent the medicine without direction to dilute it before he applied it to his eyes was to be attributed to the fact that he thought he had given such directions.

The appellant on the trial swore that he had given

such directions, and the jury might well have come to the conclusion that the appellant made an honest mistake which might account for the smallness of the verdict. Jurors are liable to make mistakes, but it is an undeniable fact that they are prone to administer equity on suitable occasions. Where nothing is shown that the jury acted from improper motives, it is the duty of the court to impute to them honesty of purpose at least, although it may be that they have been mistaken in their conclusions.

The respondent with propriety might have attacked the verdict on the ground that the sum awarded was inadequate, but as he has seen fit to acquiesce in the result the appellant ought to be satisfied also as he is bound to admit that under the evidence a verdict in respondent's favor is supported by the evidence. Affirmed. All concur.